CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 04 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 3:12CR00009 |
| v. ) | |
| ) | **ORDER** |
| STEPHEN DOMINICK MCFADDEN, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Chief United States District Judge |

The defendant, Stephen Dominick McFadden, has been charged with conspiring to distribute and distributing controlled substance analogues, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 846. The defendant's jury trial is scheduled to begin on January 7, 2013. The case is presently before the court on the defendant's motion to dismiss the indictment (Docket No. 134) and the defendant's motion to preclude evidence (Docket No. 132). The parties declined to be heard on the motions. Having considered the parties' arguments and the applicable case law, it is hereby

**ORDERED**

as follows:*

1. The defendant's motion to dismiss the indictment on the basis that the Controlled Substance Analogue Enforcement Act of 1986 is unconstitutionally vague is **DENIED**.

2. The defendant's motion to dismiss the indictment on the basis that the Drug Enforcement Agency website misled the defendant is **DENIED**.

3. The defendant's motion to dismiss the indictment on the basis that the government is estopped from prosecuting the defendant because he relied on the

---

* Giving the timing of the parties' filings, the court has not undertaken to issue a memorandum opinion on the defendant's motions. If necessary following trial, the court may issue a memorandum opinion which sets forth, in greater detail, the court's rulings on the issues raised by the defendant.

advice of a federal law enforcement officer is **DENIED**. If the defendant wishes to assert the defense of entrapment by estoppel, he must be prepared to present sufficient evidence at trial that would warrant the presentation of this defense.

4. The defendant's request for an instruction that would require the jury to find, beyond a reasonable doubt, that the defendant knew that the substances he was distributing were controlled substance analogues is **DENIED**. The parties are advised that the court intends to utilize the elements set forth by the United States Court of Appeals for the Fourth Circuit in United States v. Klecker, 348 F.3d 69 (4th Cir. 2003), in its instructions to the jury. The court will consider any additional elements at the time of the charge conference.

5. The defendant's motion to preclude the admission of certain recorded phone calls between the defendant and Lois McDaniel is **DENIED**. The court concludes that the recorded calls are relevant to the issue of whether the defendant intended or claimed that the substances at issue have physiological effects substantially similar to or greater than one or more controlled substances, and to the issue of whether the defendant intended for the substances at issue to be used for human consumption. The court further concludes that the probative value of the recorded calls is not substantially outweighed by the danger of unfair prejudice or potential confusion by the jury.

The Clerk is directed to send certified copies of this order to all counsel of record.

ENTER: This 4th day of January, 2013.

_____
Chief United States District Judge